EDGAR T. BRACKETT, PLAINTIFF, v. MOSES MILLER AND OTHERS, DEFENDANTS.

W. B. FRENCH, PURCHASER, APPELLANT.

*Redemption from a sale on execution — what is not a certified copy of the docket.*

An assignee of a judgment creditor on applying to redeem premises of the debtor, which had been sold under a prior judgment, presented to the sheriff what purported to be a certified copy of the docket, except that neither the name of the clerk nor his official title appeared in it, nor was it signed by him, or any one in his behalf, although the official seal was impressed upon it.

*Held,* that it was not a certified copy of the docket, and was insufficient to enable the assignee to redeem from the prior sale.

APPEAL by W. B. French from an order made at Special Term, denying a motion made by him for a *mandamus* to compel the sheriff of Saratoga county to execute to him a deed, as the purchaser of certain premises at a sale thereof on execution issued upon a judgment.

*A. Pond*, for French, purchaser, appellant.

*Harrington Putnam*, for the respondents, George Harvey and Douw F. Winney, late sheriff.

LEARNED, P. J.:

Under an execution in this action, certain lands were sold to Winsor B. French. When the time to redeem had expired, the purchaser applied to the sheriff for a deed. The sheriff refused, on the ground of an alleged redemption by George Harvey, assignee of a judgment creditor. Thereupon a motion was made to compel the sheriff to execute such deed, which motion was denied, and the purchaser appeals. The question is, whether the papers presented to the sheriff on behalf of Harvey were sufficient to entitle him to redeem. He presented to the sheriff a paper, which was, in form, a certified copy of the docket, except that it was not signed by the county clerk, or by any one on his behalf. It had the official seal

impressed, but neither the name of the clerk nor his official title appeared anywhere therein.

In the *People* v. *Ransom* (2 Hill, 51), there was no date or seal, and the court held that neither were necessary.

In the *People* v. *Murray* (5 Hill, 468), where a certificate of assessment was required, it was held that the name of the justice, in his own handwriting, at the beginning of the certificate, was a sufficient signing, under the act then in question.

The case of *Olcott* v. *Tioga Railroad Company* (27 N. Y., 546) only held that the single seal of the notary was sufficient. There was no lack of a signature.

There can be no doubt that the statute must be complied with, by presenting a certified copy of the docket. (*Waller* v. *Harris*, 20 Wend., 555.) And we cannot see how this unsigned paper can be called a certified copy. As a seal has been held to be unnecessary, the impression of the seal was of no use. If the county clerk had written his name in the beginning of the certificate some argument might have been made, under the case above cited, but, as the paper exists, there is nothing to give it any authority whatever.

This view renders it unnecessary to consider the other point made by the appellant.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion granted directing the sheriff to execute the deed, with ten dollars costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed, with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs.